AB949-234569-01

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO.: 2012-12198            DIVISION: "A"

JEANETTE MCDANIELS

VERSUS

TEXTRON, INC., AND LIBERTY MUTUAL FIRE INSURANCE COMPANY

FILED: _____        _____
                                                              DEPUTY CLERK

### ANSWER, THIRD-PARTY PETITION AND REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, come Defendants, Liberty Mutual Fire Insurance Company and Textron, Inc. d/b/a Textron Marine and Land, who answer the Petition for Damages of Plaintiff, Jeanette McDaniels', and assert the following Third-Party Petition against the following: National Railroad Passenger Corporation d/b/a Amtrak, The Alabama Great Southern Railroad, and the City of Slidell, as follows:

### ANSWER

Defendants, Liberty Mutual Fire Insurance Company and Textron, Inc. d/b/a Textron Marine and Land, answer each of the numbered paragraphs of Plaintiff, Jeanette McDaniels' Petition for Damages as follows:

I.

Defendants, Textron, Inc., and Liberty Mutual Fire Insurance Company, admit their status and domicile. Except as so qualified the allegations of paragraph I are denied.

II.

Defendants lack sufficient knowledge or information to justify a belief in the truth or veracity of the allegations that McDaniels was a guest passenger on an Amtrak train on April 20, 2011, and suffered injury contained in paragraph II and therefore denies them. The remaining allegations contained in paragraph II are denied.

III.

The allegations of paragraph III and all of its subparts are denied.

IV.

Defendants lack sufficient knowledge or information to justify a belief in the truth or veracity of the allegations contained in paragraph IV and therefore deny them.

**EXHIBIT A**

V.

Defendants lack sufficient knowledge or information to justify a belief in the truth or veracity of the allegations contained in paragraph V and therefore deny them.

VI.

Defendants lack sufficient knowledge or information to justify a belief in the truth or veracity of the allegations contained in paragraph VI and therefore deny them, except to assert that the terms, conditions, and coverages of any policy of insurance issued by Liberty Mutual Fire Insurance Company are best evidenced by the policy itself.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER ANSWERING, Defendants, Textron, Inc. d/b/a Textron Marine and Land, and Liberty Mutual Fire Insurance Company, assert the following Affirmative Defenses to Plaintiff's Petition for Damages

VII.

Defendants deny any negligence whatsoever on its part. In the alternative, Defendants specially plead the comparative negligence of Plaintiff in such respects as may be shown at the trial of this matter. In the further alternative, should this Honorable Court find any negligence whatsoever on the part of Defendants, which negligence is denied, then any award rendered in favor of Plaintiff should be reduced in proportion to the degree or percentage of negligence attributable to the Plaintiff.

VIII.

Defendants specially plead the comparative negligence of third-parties for whom your answering Defendants are not responsible.

IX.

If the evidence at the trial of this matter reflects that Plaintiff failed to mitigate her damages, then same is pled herein as an affirmative defense as a bar to and/or in mitigation of any right of recovery by the Plaintiff.

X.

If it is shown that Plaintiff's injuries were pre-existing or were caused by subsequent accidents or injuries, in part or in whole, then it is specifically pled herein that Plaintiff is not entitled to compensation for any injury, disease or damage not caused by the incident sued upon herein.

XI.

Defendants are entitled to a credit for all underlying insurance, to the extent which may be shown at trial, whether such insurance may be primary, secondary or otherwise.

## THIRD-PARTY PETITION

AND NOW, assuming the role of Third-Party Plaintiffs, Textron, Inc. d/b/a Textron Marine and Land ("Textron"), and Liberty Mutual Insurance Company ("Liberty"), allege the following Third-Party Demand against Third-Party Defendants, National Railroad Passenger Corporation d/b/a Amtrak, The Alabama Great Southern Railroad, and the City of Slidell,

I.

Made Third-Party Defendants herein are:

(a) National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"), a for-profit corporation created pursuant to the Rail Passenger Service Act of 1970 and organized and existing under the laws of the District of Columbia, with its principal office in Washington, D.C. Amtrak is authorized to do and doing business in the State of Louisiana as an interstate carrier, engaged in interstate transportation, operating an interstate system of railroads in and through various states including the State of Louisiana.

(b) The Alabama Great Southern Railroad ("AGS"), a subsidiary of Norfolk Southern Corporation, a corporation duly organized in the State of Alabama, with its central place of business in Norfolk, Virginia. The Railroad owns and operates tracks and rights-of-way within the State of Louisiana.

(c) City of Slidell, a political subdivision of the State of Louisiana.

II.

On April 20, 2011, at approximately 8:03 a.m., Textron driver was traveling north on Front Street in Slidell, Louisiana, driving a 2008 Kenworth tractor leased by Textron with an attached trailer owned by Textron. When Bray stopped to turn onto Cleveland Avenue, and to enter the facility leased to and operated by his employer, Textron.

III.

AGS owns and/or operates tracks running north/south through the City of Slidell and crossing Cleveland Avenue west of its intersection with Front Street.

IV.

As Textron driver approached the Cleveland Avenue railroad crossing, he was unable to see down the Railroad's track to the south, as the view was obstructed by a line of trees running parallel

to the track, the trunks of which are approximately 28 feet from the centerline of the track. The trunk of the northernmost tree in the line of trees is approximately 82 feet from the centerline of Cleveland Avenue.

V.

As Textron driver attempted to cross AGS' track at Cleveland Avenue, an Amtrak train traveling north at a high rate of speed through the City of Slidell struck the west-bound tractor-trailer. The Textron driver could not and did not see the oncoming train until he was dangerously near or on the track.

VI.

The Cleveland Avenue crossing is not protected with active barriers or mechanical warning devices, but instead is marked only with improperly placed railroad cross-buck signs, stop signs, and advance warning signs. These passive controls do not provide effective warning of an oncoming train to motorists who are faced with the special dangers associated with the Cleveland Avenue crossing.

VII.

On information and belief, Christopher Whatley, was an experienced locomotive engineer employed by Amtrak and was in control of the Amtrak train that was involved in the subject collision of April 20, 2011. That Christopher Whatley was aware of the special dangers associated with the crossing at Cleveland Avenue in the City of Slidell, and even though he was aware of these dangers he operated the train at a high rate of speed through the City of Slidell, including the Cleveland Avenue crossing.

VIII.

On April 20, 2011 Christopher Whatley was acting within the course and scope of his employment with Amtrak. Amtrak therefore is vicariously liable for the negligent acts, omissions, and/or culpable conduct of its employee, Christopher Whatley

IX.

On information and belief, the area of land bounded on the east by Front Street; on the West by AGS track; on the north by 60 feet of Cleveland Avenue leading to the crossing; and on the south by a stretch of Bayou Liberty Road leading to its crossing, including the trees and vegetation growing thereon; was at all times prior to and at the time of the April 20, 2011 accident owned by, controlled by and/or within the custody of Amtrak, AGS, and/or the City of Slidell.

X.

On information and belief, Amtrak, AGS, and/or the City of Slidell were aware of the special dangers of the Cleveland Avenue crossing, particularly as related to the known requirements for tractor-trailers to turn from Front Street onto Cleveland Avenue and immediately intersect with the Cleveland Avenue railroad crossing, which also had special dangers including but not limited to: (1) obstructions to motorists' sight lines due to vegetation; (2) lack of effective warning devices; and (3) unreasonable speed of approaching trains under these circumstances. Despite their awareness of such dangers, Amtrak, AGS, and/or the City of Slidell failed to take adequate steps prior to or on April 20, 2011 to protect motorists against the special dangers posed by the Cleveland Avenue crossing.

XI.

The April 20, 2011 accident was not caused by any negligent acts, omissions, and/or fault of Textron or Liberty Mutual, but was caused in whole or in part by the negligent acts, omissions, and/or fault of the Third-Party Defendants, Amtrak, AGS, and/or the City of Slidell, for the following non-exclusive particulars:

  A. Failure to apply adopted standards and recognized best practices relative to the evaluation of the Cleveland Avenue crossing and the identification and installation of proper controls for the crossing;

  B. Failure to maintain the Cleveland Avenue crossing as a safe crossing for motorists;

  C. Failure to provide and/or maintain required and/or adequate sight distances at the Cleveland Avenue crossing;

  D. Failure to maintain the trees and vegetation south of Cleveland Avenue and adjacent to the Railroad's tracks so that the view of motorists approaching the crossing is not obstructed;

  E. Failure to install active controls at the Cleveland Avenue crossing, or, alternatively, failure to close the Cleveland Avenue crossing, or to implement and comply with designations, rules, and/or procedures to ameliorate the danger to motorists;

  F. Failure of AGS to ameliorate the special dangers of the Cleveland Avenue crossing and to take all precautions necessary under the circumstances to make the Cleveland Avenue crossing safe for motorists, including failure to reduce the speed for trains traversing the Cleveland Avenue crossing and/or failure to increase controls at the crossing;

  G. Failure of Christopher Whatley to ameliorate the special dangers of the Cleveland Avenue crossing and to take all precautions necessary under the circumstances to make the

Cleveland Avenue crossing safe for motorists, including failure to reduce the train's speed as it approached and traversed the crossing and/or failure to take all other actions necessary to operate the train safely through the crossing;

      H.    Failure of Amtrak to train its employee, Christopher Whatley, of the special dangers of the Cleveland Avenue crossing and to take all precautions necessary under the circumstances to make the Cleveland Avenue crossing safe for motorists;

      I.    Failure of the City of Slidell to ameliorate the special dangers of the Cleveland Avenue crossing and to take all precautions necessary under the circumstances to make the Cleveland Avenue crossing safe for motorists; and

      J.    All other negligent acts, omissions, and/or fault of the Third-Party Defendants, Amtrak, AGS, and/or the City of Slidell, as may be shown at Trial.

XII.

As a result of the negligent acts, omissions, and/or fault of the Third-Party Defendants, Amtrak, AGS, and/or the City of Slidell, the losses and damages alleged to have been sustained by Jeanette McDaniels were caused by the Third-Party Defendants, Amtrak, AGS, and/or the City of Slidell.

**PRAYER**

WHEREFORE, Defendants, Textron, Inc. d/b/a Textron Marine and Land, and Liberty Mutual Insurance Company, pray that their answers and defenses to Plaintiff, Jeanette McDaniels' Petition for Damages be deemed good and sufficient; that after due proceedings had, there be judgment in favor of Defendants, Textron, Inc. d/b/a Textron Marine and Land, and Liberty Mutual Insurance Company, dismissing the claims of Jeanette McDaniels, with prejudice and at her cost.

FURTHER, Defendants, Textron, Inc. d/b/a Textron Marine and Land, and Liberty Mutual Insurance Company, respectfully request the Answer, Third-Party Petition, and original Petition of Jeanette McDaniels be served upon Third-Party Defendants, National Railroad Passenger Corporation d/b/a Amtrak, The Alabama Great Southern Railroad, and the City of Slidell, requiring each to appear and to answer same, and that in the alternative should Defendants/Third-Party Plaintiffs be found at fault, after due proceedings had there be judgment in favor of Defendants/Third-Party Plaintiffs on their Third-Party Petition against Third-Party Defendants, for the comparative fault of each, for attorney's fees and all costs incurred in this litigation, and for all other just and equitable relief this Honorable Court may deem fit.


Respectfully Submitted,

**CERTIFICATE OF SERVICE**

LAW OFFICES OF ROBERT E. BIRTEL

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing same to each properly addressed and postage prepaid on this 24 day of May, 2012.

BY: _____
ROBERT E. BIRTEL (#3074)
ERIN O. BRAUD (#30008)
Attorneys for Defendants,
Randall E. Bray,
Textron, Inc. d/b/a Textron Marine and Land,
and Liberty Mutual Insurance Company
3900 N. Causeway Blvd., Suite 625
Metairie, LA 70002
Telephone: (504) 837-7050
and
Mary L. Dumestre, Esq.
Stone, Pigman, Walther & Wittmann, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200

_____
ROBERT E. BIRTEL

**PLEASE SERVE:**

**National Railroad Passenger Corporation d/b/a Amtrak**
Through its registered agent:
60 Massachusetts Ave., NE
Washington, DC 20002
    *HOLD SERVICE*

**Great Southern Alabama Railroad Company**
Through its registered agent:
Benjamin R. Slater, Jr.
601 Poydras Street, Suite 2100
New Orleans, LA 70130
    *HOLD SERVICE*

**City of Slidell**
Through its employee:
Chief Administrative Officer's Office
2045 Second Street, Suite 304
Slidell, LA
    *HOLD SERVICE*